**TAN JIN YU, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Alberto R. Gonzales, Attorney General, Respondents.**

No. 06–4164–ag.

United States Court of Appeals, Second Circuit.

June 22, 2007.

David X. Feng, New York, NY, for Petitioner.

John C. Richter, United States Attorney for the Western District of Oklahoma;

Eleanor Darden Thompson, Assistant United States Attorney, Oklahoma City, OK, for Respondents.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. ROSEMARY S. POOLER, and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioner Tan Jin Yu, a native and citizen of the People's Republic of China, seeks review of an August 11, 2006 order of the BIA affirming the March 30, 2005 decision of Immigration Judge ("IJ") Paul A. Defonzo denying Yu's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Tan Jin Yu,* No. A79 415 353 (B.I.A. Aug. 11, 2006), *aff'g* No. A79 415 353 (Immig. Ct. N.Y. City Mar. 30, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

Here, substantial evidence supports the IJ's adverse credibility determination. The IJ accurately noted that, despite Yu's testimony that his father was arrested and

detained for three months on account of his practice of Falun Gong, he failed to mention these allegations during his credible fear interview, even though the interviewer asked several questions designed to elicit information regarding any mistreatment of Yu or his family members. For instance, the interviewer asked Yu if he or anyone in his family had been arrested in China, whether he or anyone in his family had been mistreated or threatened, what kind of problems his father had experienced because of his practice of Falun Gong, and whether he or anyone else in his family had problems with the police or government. At no point during this interview did Yu claim that his father had been arrested and detained. Further, although Yu explained that he had not been represented by counsel during the interview, and indicated that the interviewer had intimidated him, the IJ was not required to credit this explanation, particularly when Yu divulged that the Chinese government had harmed his father by confiscating his business license. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir. 2005). Thus, because the omission of his father's arrest and detention was material to Yu's asylum claim, it substantiated the IJ's adverse credibility determination. *See Secaida–Rosales,* 331 F.3d at 308.

In rendering his adverse credibility finding, the IJ also reasonably relied on Yu's inconsistent testimony regarding the date that his father began to practice Falun Gong. The IJ accurately observed that Yu testified at one point that his father began to practice Falun Gong in July 1999, but then indicated that his father began to practice it in July 1997. The IJ appropriately rejected Yu's explanation that he mistakenly said "July 1999" because he was nervous. *See Yun–Zui Guan v. Gon-*

*zales,* 432 F.3d 391, 396 (2d Cir.2005). Even if this discrepancy concerned a matter collateral or ancillary to Yu's claim, its effect, combined with the omission of the arrest and detention of his father from the credible fear interview was properly "deemed consequential by the fact-finder." *Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006).

Moreover, the IJ reasonably disbelieved Yu's claim that he practiced Falun Gong, given the doubt cast on his testimony by the cited omission and the fact that he did not begin to practice Falun Gong until he was in removal proceedings. *See Siewe v. Gonzales,* 480 F.3d 160 (2d Cir.2007).

Substantial evidence supports the IJ's adverse credibility finding.

Because the only evidence of a threat to Yu's life or freedom or a likelihood that he would be tortured depended upon his credibility with respect to his Falun Gong claim, the adverse credibility determination in this case necessarily precludes success on his claims for withholding of removal and relief under the CAT. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir. 2006). For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for stay of removal is DISMISSED as moot.